UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JORGE RUIZ, | ) | |
| Institutional ID No. 35492-298, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:13-CV-257-BG |
| H. BRYAN, Associate Warden, | ) | ECF |
| Dalby Facility, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.   Procedural History**

Plaintiff Jorge Ruiz filed this action on November 5, 2013, complaining of events that occurred during his incarceration at Giles W. Dalby Correctional Facility (Dalby Facility). The United States District Court permitted Ruiz to proceed *in forma pauperis* and reassigned the case to the undersigned United States Magistrate Judge on May 8, 2014.

On September 12, 2014, the undersigned entered an order requiring Ruiz to complete a questionnaire and return it to the court within 30 days from the date of the order. Ruiz did not return the questionnaire and, according to the Federal Bureau of Prison's website, he was released from prison on October 16, 2014.

In an attempt to obtain a response to the questionnaire, the undersigned entered a second order requiring Ruiz to complete the questionnaire on November 5, 2014. Because Ruiz did not provide a forwarding address, the order was sent to Dalby Facility. As of this date, Dalby Facility has not provided a forwarding address for Ruiz, and Ruiz has not provided the responses required in the initial order entered on September 12, 2014, nor has he notified the court of his new address.

## II. Recommendation

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). It is, therefore, recommended that the United States District Court dismiss Ruiz's Complaint for want of prosecution.

## III. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 5, 2014.

NANCY M. KOENIG
United States Magistrate Judge